UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CHRISTINE HOLLORAN and JAMES HOLLORAN,<br><br>           Plaintiffs,<br><br>      v.<br><br>ELI LILLY AND COMPANY,<br><br>           Defendant. | CIVIL ACTION No. 07-CV-00030 (CKK) |

**ELI LILLY AND COMPANY'S CONSENT MOTION
TO TRANSFER ACTION TO THE DISTRICT OF MASSACHUSETTS**

Defendant Eli Lilly and Company ("Lilly"), with Plaintiffs' consent, hereby moves to transfer this action, pursuant to 28 U.S.C. § 1404(a), to the District of Massachusetts. Lilly's motion is premised on the facts that the District of Massachusetts is a more convenient forum than the District of Columbia, this action could have originally been brought in the District of Massachusetts, and transfer out of a district with no connection to the Plaintiff's claims is in the best interests of justice. *See* 28 U.S.C. § 1404(a) (permitting transfer to a district or division where the case could have been brought in the first instance); *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 253 (1981) (noting that the district court enjoys wide discretion in deciding whether to transfer an action to a more convenient forum). In further support of its consent motion, Lilly states:

    1.    The District of Massachusetts is more convenient for the witnesses likely to be deposed or called to testify at trial. Section 1404(a) instructs the district court to consider the convenience of witnesses in deciding whether to transfer an action. *See* 28 U.S.C. § 1404(a). Lilly has reason to believe many of the potential fact witnesses, and all other sources of proof, are located in the District of Massachusetts:

B3359636.1

- Plaintiff and her husband currently reside in Methuen, MA.

- Plaintiff's mother and father currently reside in Reading, MA.

- Plaintiff's mother was living in Cambridge, MA when she allegedly purchased and ingested DES.

- Plaintiff's mother was allegedly prescribed the DES at issue in this litigation by a doctor in the District of Massachusetts, Dr. Philip McGovern.

- The pharmacy where the DES was allegedly dispensed was located in Belmont and/or Cambridge, MA.

- Several of the treating physicians and medical facilities that are relevant to this case, including Drs. Marie Lemonnier, Michele Johnson, Carol Anania, Michael Bresnahan, and Raffaele Bruno, are located in Massachusetts

2. Further, this action originally "might have been brought" in the District of Massachusetts. *See* 28 U.S.C. § 1404(a). First, the District of Massachusetts has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 since there is complete diversity of citizenship.[1] Eli Lilly and Company is incorporated and has its principal place of business in Indiana. Plaintiff resides in and is presumably domiciled in Massachusetts. Second, Massachusetts's long-arm statute reaches torts the consequences of which occur within the state. *See* Mass. Gen. Laws ch. 223A, § 3. Thus, the District of Massachusetts is at least as appropriate a forum as the District of Columbia with respect to subject matter and personal jurisdiction. Third, venue is proper in the District of Massachusetts because the events that form the gravamen of Plaintiff's complaint, *i.e.* prescription, sale, ingestion, and exposure to DES, all occurred in Massachusetts. *See* 28 U.S.C. § 1391(a)(2) (allowing transfer to "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred").

---

[1] Lilly does not contest the amount in controversy requirement since it does not appear to a legal certainty that Plaintiff cannot recover more than $75,000. However, Lilly does not concede that the value of Plaintiff's claims in fact exceed that minimum requirement.

3.	Finally, the interests of justice support transfer of this action to the District of Massachusetts. *See Pain v. United Technologies Corp.*, 637 F.2d 775, 782 (D.C. Cir. 1980) (listing public interest factors to consider). Massachusetts has a strong interest in seeing that the product liability claims arising there are tried fairly and efficiently in accordance with its substantive law. The District Court for the District of Massachusetts is more familiar with the substantive law of Massachusetts than is the District of Columbia. *See Moore v. Ronald Hsu Constr. Co.*, 576 A.2d 734, 737 (D.C. 1990) (noting that the District of Columbia's choice of law rules point to the jurisdiction with the "most significant relationship" to the dispute). Finally, this case has no connection to the District of Columbia except that it was filed here: no witnesses reside here, Plaintiff's alleged exposure to DES did not occur here, and none of Plaintiff's injuries were diagnosed or treated here. Because this case has no connection to this district and because Plaintiff consents to transfer, it is equitable to transfer this case out of the District of Columbia.

WHEREFORE, for all the foregoing reasons, Lilly respectfully request that this Court grant its consent motion to transfer this case to the District of Massachusetts.

Respectfully submitted

ELI LILLY AND COMPANY,

By its attorneys,

/s/ James J. Dillon
James J. Dillon, D.C. Bar No. 485593
FOLEY HOAG LLP
155 Seaport Boulevard
Boston, MA 02110-2600
(617) 832-1000

Dated: May 22, 2007

## LOCAL RULE 7.1(m) CERTIFICATION

 Pursuant to Local Rule 7.1(m), Defendant Eli Lilly and Company certifies that, through its counsel, it conferred with Plaintiff's counsel who consented to the relief requested in this motion on behalf of Plaintiff.

               /s/ James J. Dillon
               James J. Dillon

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CHRISTINE HOLLORAN and JAMES HOLLORAN,<br><br>    Plaintiffs,<br><br>  v.<br><br>ELI LILLY AND COMPANY,<br><br>    Defendant. | CIVIL ACTION No. 07-CV-00030 (CKK) |

### **[PROPOSED] ORDER**

UPON CONSIDERATION of Defendant Eli Lilly and Company's Consent Motion to Transfer pursuant to 28 U.S.C. § 1404(a), it is this _____ day of _____, 2007,

ORDERED that Defendants' Consent Motion is hereby granted; and it is

FURTHER ORDERED that the case be transferred to the United States District Court for the District of Massachusetts pursuant to 28 U.S.C. § 1404(a).


_____        _____
Date        Hon. Colleen Kollar-Kotelly
      U.S. District Court Judge

B3359641.1